EVANGELO ARVANETES
Assistant Federal Defender
Federal Defenders of Montana
Billings Branch Office
175 N. 27th St., Suite 401
Billings, MT  59101
Phone:  (406) 259-2459
Fax:  (406) 259-2569
vann_arvanetes@fd.org
    Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-23-77-BLG-SPW |
| Plaintiff, | |
| vs. | BRIEF IN SUPPORT OF MOTION TO DISMISS |
| ENRIQUE ANDRES DONEY, | |
| Defendant. | |

Defendant, Enrique Andres Doney, by and through his counsel of record, EVANGELO ARVANETES, Assistant Federal Defender and the FEDERAL DEFENDERS OF MONTANA and moves the Court to dismiss his Indictment pursuant to Fed. R. Crim. P. 12(b)(1).  Mr. Doney files this brief in support of the Motion.

**Summary of the Argument**

Rule 12(b)(1) states that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."

Dismissal is the appropriate remedy due to the unconstitutionality of 18 U.S.C. § 922(n).  18 U.S.C. § 922(n) provides that it is "unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

In light of the new analytical framework established by *New York State Rifle and Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), Section 922(n) violates the Second Amendment.

Under *Bruen*'s framework, because these sections cover conduct that falls under the Second Amendment, the Government bears the burden of showing that Section 922(n) is consistent with the nation's historical tradition of firearm regulation.  Because the Government cannot make this showing, Section 922(n)

impermissibly infringes upon Mr. Doney's Second Amendment rights.

In summary, this Court should dismiss the indictment because Section 922(n) are unconstitutional.

## Facts

On January 31, 2023, Officer Hilde of the Billings Police Department, Street Crimes Unit (BPD-SCU), opened an investigation into Mr. Doney after receiving a witness report of Mr. Doney having been in possession of a firearm on January 28, 2023.  A criminal records check found that Mr. Doney had a pending prosecution for a felony drug charge and had an active warrant for contempt of court in relation to that drug charge.

Officer Hilde made contact with Mr. Doney at his residence that same day.  Mr. Doney was advised of the warrant for his arrest and taken into custody.  After advising Mr. Doney of his Miranda rights, Officer Hilde informed Mr. Doney that he was aware of a firearm in the residence, and Mr. Doney admitted to having an AR-15 rifle in the residence, under his bed.

Officer Hilde then applied for and was granted a District Court search warrant by District Judge Ashley Harada.  BPD-SCU executed

the warrant and located an Anderson Manufacturing AR-15 rifle in Doney's bedroom between the mattress and the box spring. The rifle had a magazine inserted that contained 30 rounds of 5.56 ammo.

## Argument

### *Bruen*

The Second Amendment provides that "[a] well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend II.

Recently with regards to the United States Supreme Court decision, *District of Columbia v. Heller,* 128 S. Ct. 2783 (2008), the Court in *Bruen* sought to clarify the analytical framework that courts should employ in scrutinizing firearm regulations. *Bruen,* 142 S. Ct. at 2127. Under *Heller,* when the plain text of the Second Amendment covers an individual's conduct, "the Constitution presumptively protects that conduct, and to justify a firearm regulation the government must demonstrate that the regulation is consistent with the Nation's historical tradition of firearm regulation." *Bruen,* 142 S. Ct. at 2117.

Unique to *Bruen,* the Court adopted a single-step test which required the Government to "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 2127. Thus, to justify its regulation of firearms, it is the Government's burden to demonstrate that there is some sort of historical nexus.

"Because the Second Amendment was adopted in 1791, only those regulations that would have been considered constitutional then can be constitutional now." *See United States v. Butts,* 2022 WL 16553037, at *2 (D. Mont. Oct. 31, 2022) (quoting *United States v. Price,* 2022 WL 6968457, at *1 (S.D.W.V. Oct. 12, 2022)). In other words, to justify restrictions of firearm possession to a non-felon like Mr. Doney, the Government must demonstrate that this modern regulation is consistent with our nation's historical firearm regulation. *Bruen,* 142 S. Ct. at 2131. In fact, this regulation is not.

For section 922(n), the Government must provide historical examples of regulations that are "distinctly similar" to both sections because the restrictions do not address "unprecedented social concerns or dramatic technological changes." *Bruen,* 142 S. Ct. at

2132-33. The Government though does not need to point to an identical statute but only a "representative historical analogue." *Id.*

The history of barring indicted individuals from receiving firearms started in 1938 with the passage of the Federal Firearms Act (FFA). *See United States v. Quiroz,* 2022 WL 4352482, at *4 (W.D. Tex. Sept. 19, 2022). Section 922(n) is a uniquely modern regulation, and the lack of a distinctly similar historical regulation prohibiting users such as Mr. Doney from possessing firearms demonstrates that subsection "n" of 922 is inconsistent with the Second Amendment. *See Bruen,* 142 S. Ct. at 2131.

In all candor, this specific Court has already denied three challenges to § 922(n) under *Bruen* in this year alone. *See United States v. Stennerson,* CR-22-139-BLG-SPW, 2023 WL 2214351 (D. Mont. Feb. 24, 2023); *United States v. Evenson,* CR-23-24-BLG-SPW, 2023 WL 3947828 (D. Mont. June 12, 2023); and *United States v. Bulltail,* CR-22-86-BLG-SPW (D. Mont. Aug. 8, 2023). In this Court's Order in *Bulltail,* it opines:

> In *Stennerson,* the Court explained that courts in this district have determined that *Bruen* did not effectively overrule prior precedent regarding gun-ownership

prohibitions on certain persons because the Ninth Circuit caselaw applying *Heller* – *United States v. Vongxay,* 594 F.3d 1111, 1118 (9th Cir. 2011) – is not "clearly irreconcilable with the reasoning or theory of intervening higher authority," namely *Bruen*. *Id.* at *2 (discussing *United States v. Boyd,* Cr-2—121-DLC-1, at *6 (D. Mont. Jan. 25, 2023); *United States v. Butts,* 637 F.Supp. 3d 1134, 1138 (D. Mont. 2022).

In any event, Mr. Doney files the present memorandum so as to preserve the legal issue for appellate review. Finally, Mr. Doney respectfully reiterates even in light of this District's and the Circuit's precedents that because the Government will not be able to demonstrate that 922(n) is consistent with the nation's historical tradition of firearm regulation, *Bruen's* analytical framework also renders this section violative of the Second Amendment. *See also United States v. Daniels,* 2023 U.S. App. LEXIS 20870, *14.

### Conclusion

Because section 922(n) unconstitutionally infringes upon Mr. Doney's Constitutional Right to keep and bear arms under the

Second Amendment, dismissal of the Indictment is the only and appropriate remedy.

RESPECTFULLY SUBMITTED this 5th day of September, 2023.

/s/ Evangelo Arvanetes
EVANGELO ARVANETES
Federal Defenders of Montana
Counsel for Defendant

# CERTIFICATE OF SERVICE
## L.R.5.2(b)

I hereby certify that on September 5, 2023, a copy of the foregoing document was served on the following persons by the following means:

1, 2    CM-EDF
___    Hand Delivery
_3_    Mail
___    Overnight Delivery Service
___    Fax
___    E-Mail

1. CLERK, UNITED STATES DISTRICT COURT

2. PAULETTE STEWART

    Assistant United States Attorney
    United States Attorney's Office
    Counsel for the United States of America

3. ENRIQUE ANDRES DONEY
    Defendant

                                        /s/ Evangelo Arvanetes
                                        EVANGELO ARVANETES
                                        Federal Defenders of Montana
                                              Counsel for Defendant

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Memorandum in Support of Defendants Motion to Dismiss is in compliance with Local Rule 12.1(e).  The Briefs line spacing is double spaced.  The brief is proportionately spaced, the body of the argument has a Times New Roman typeface, 14-point size and contains 1,122 words.

DATED this 5th day of September, 2023.